UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAN RIVERA, ET AL., | Case No.: 10-CV-01345-LHK |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |
| v. | |
| NEFTALI RIVERA, D/B/A NR CONSTRUCTION, | |
| Defendant. | |

Plaintiffs Adan Rivera, Reyes Barajas, Ignacio Morales, Juan Mendez, Luis Mendez, Rafael Mendez, Manuel Chavez, Manuel Valladolid, Guillermo Avila, Victor Vivanco, Enedino Castro, Marco Mata, Jose Mendoza, Jose Bocanegra, Daniel Arzate, and Ariel Maya (collectively "Plaintiffs"), filed a motion for entry of default judgment on February 15, 2011 after the Clerk of the Court entered default as to Defendant Neftali Rivera, doing business as NR Construction ("Defendant"). This motion was originally before the Honorable Paul S. Grewal, and was subsequently transferred to the undersigned on March 31, 2011. The Court held a hearing on this motion on April 21, 2011. For the reasons set forth below, Plaintiff's motion is GRANTED in part and DENIED in part.

**I. BACKGROUND**

Plaintiffs are sixteen residents of various locations throughout the Bay Area, including Santa Clara and Alameda Counties. *See* Compl. 1. All Plaintiffs worked for NR Construction, a construction company doing business throughout the San Francisco Bay Area, and specifically in

1

the cities of San Jose and Milpitas, at some point during the four years prior to the filing of this action. *Id.* at 3. During the course of Plaintiffs' employment with Defendant, Plaintiffs were paid on an hourly basis, and regularly worked in excess of 8 hours per day and more than 40 hours per week. *Id.* at 4. Plaintiffs were variously told that they would be paid hourly, and told at other times that they would be paid on a contract basis. Plaintiffs did not have management or administrative functions, and performance of their job duties did not require the exercise of independent discretion and judgment. *Id.* Plaintiffs did not maintain any professional licenses with the state or practice any recognized profession. *Id*. All Plaintiffs allege that they were not paid their earned wages for numerous hours worked between September 2009 and November 2009, while other Plaintiffs allege they were not paid for additional work as well. *Id*. at 4-5. Additionally, Plaintiffs allege that they were not properly compensated for overtime work. *Id.* at 7-9. Finally, Plaintiffs allege that Defendant did not provide lawfully required rest/meal periods and wage statements. *Id.* at 9-10, 12.

Plaintiffs seek relief under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216; California Labor Code, Cal. Lab. Code §§ 200, 226, 226.7, 1194; California Unfair Business Practices, Cal. Bus. & Prof. Code § 17200; and common law breach of contract. On April 28, 2010, Plaintiff served Defendant with a Summons and Complaint. *See* Dkt. No. 5. The Clerk of the Court entered default against Defendant on June 30, 2010. *See* Dkt. No. 7. Now pending before the Court is Plaintiffs' motion for entry of default judgment against Defendant under Federal Rule of Civil Procedure 55(b)(2). *See* Pls.' Mot. for Default Judgment ("Pls.' Mot.") at 1, Dkt. No. 16. Plaintiffs request an award of $135,640.05 in damages. In the motion for default judgment, however, Plaintiffs do not pursue the § 17200 claim.

## II.  LEGAL STANDARDS

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). After the Clerk enters a party's default under Fed. R. Civ. P. 55(a), the Court may enter a default judgment against the party. *See* Fed. R. Civ. P. 55(b)(2). "A failure to make a timely answer to a properly served complaint will justify the entry of a default judgment." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). "The general rule

2

of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)) (quotation marks omitted).  "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (*citing Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).  "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

### III.  DISCUSSION

#### A.  Jurisdiction

This Court has subject matter jurisdiction (federal question) over Plaintiffs' FLSA claim. *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.").  This Court has supplemental jurisdiction over the related state law claims.  *See* 28 U.S.C. 1367(a).

Moreover, there is no question that the Court has personal jurisdiction over Defendant, a sole proprietorship that is incorporated in California, has its primary offices in Dixon, California, and operates throughout the San Francisco Bay Area, including Santa Clara and Alameda counties. In fact, the claims in this case arise from Plaintiffs employment with NR Construction on projects in Santa Clara and Milpitas, California.

With the jurisdictional prerequisites satisfied, the Court will proceed to analyze Plaintiffs' claims for damages.

#### B.  Claims for Damages

Where an employer fails to maintain accurate payroll records, an employee carries his burden under the FLSA if he shows he performed work for which he was improperly compensated and produces some evidence to show the amount and extent of that work "as a matter of just and

3
Case No.: 10-CV-01345-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT

reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other ground*, Portal-to-Portal Act, 61 Stat. 86-87; *see also Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986); *McLaughlin v. Seto*, 850 F.2d 586, 589 (9th Cir. 1988). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed, or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Mt. Clemens Pottery*, 328 U.S. at 687-88. If the employer fails to produce such evidence, the court may then award damages to the employee. *Id.* at 688. Moreover, the award of back wages is not barred for being "too speculative" if the employer failed to keep records as required by FLSA. *Seto,* 790 F.2d at 1448.

California courts have shifted the burden of proof to employers reasoning that "applying the normal burden of proof in such circumstances would unfairly penalize an employee for the employer's failure to keep proper records and would allow the employer to keep the benefits of the employee's labors without paying full compensation." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1189 (Cal. App. 1st. 2008). Therefore, "[u]nless the employer can provide accurate estimates [of hours worked], it is the duty of the trier of facts to draw whatever reasonable inferences can be drawn from the employees' evidence." *Mt. Clemens Pottery*, 328 U.S. at 688.

Here, the Clerk has entered default against the Defendant. All facts pled by Plaintiffs will be deemed as true, and all issues pertaining to the amount of damages will be ascertained from those facts and from the reasonable inferences drawn from Plaintiffs' evidence.

### 1. Breach of Contract – Failure to Pay Agreed Upon Wages

Under California law, to prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a contract; (2) performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1399 (1990). Here, Plaintiffs have alleged facts sufficient to establish breach of contract.

Plaintiffs state that in September 2009, each Plaintiff was employed by NR Construction. *See* Declarations of Sixteen Plaintiffs ("Pls.' Decl.") at ¶¶ 5-6, attached to Pls.' Mot. Each Plaintiff entered into an oral agreement with the Defendant, agreeing to furnish labor under an agreed upon hourly wage creating a valid contract. Compl. 4, ¶ 15. Moreover, from September 2009 to

4

November 2009, Plaintiffs, on behalf of the Defendant, worked on two separate apartment projects, one in Milpitas, California and the other in San Jose, California. Pls.' Mot. at 4 (citing declarations). Plaintiffs worked on the sites and performed various jobs involving the installation of drywall. *Id*. Despite performing their work, Plaintiffs allege that they were not paid their agreed upon wages for the time periods articulated in each declaration. Pls.' Decl. ¶¶ 6-8. Plaintiffs' allegations are sufficient to establish a contract, performance, and breach.

Lastly, Plaintiffs supported their request for damages with several documents attached to their declarations. Plaintiffs' documents were only necessary because the Defendant did not maintain any records pertaining to hours or wages, and did not provide any form of wage statements. *Id*. at ¶ 7. Because the Defendant did not maintain any records, the Court will draw reasonable inferences from records submitted by Plaintiffs.

Most of the hours recorded were submitted by Plaintiffs Adan Rivera, Juan Mendez, and Jose Mendoza, each of whom acted as a foreman or "team leader" on the dry wall projects. *See* Decl. of Adan Rivera, ¶¶ 10-11; Juan Mendez, ¶¶ 10-12; and Jose Mendoza, ¶ 9. These records documented that each Plaintiff had worked a certain number of hours, and that Plaintiffs were not paid for that work. *See* Decl. of Adan Rivera, Exh. 1; Juan Mendez, Exh. 1; and Jose Mendoza, Exh. 1. Each record showed a handwritten sheet of hours worked on each day for each employee. *Id.* Additionally, Adan Rivera, the foreman during the time in question, attached a document showing the date of the last payment each Plaintiff received from the Defendant. *See* Decl. of Adan Rivera, Exh. 3.

In light of Defendant employer's failure to maintain records of the Plaintiffs' contracts and failure to provide any wage time sheets, the Court is limited to relying upon the evidence provided by Plaintiffs. Plaintiffs' records, supported by sworn declarations, establish the last date of payment, the amount of hours worked by each employee, the pay rate, and the amount of unpaid wages due. *See Ulin v. Alaea-72, Inc.*, 2011 U.S. Dist. LEXIS 17468, *38 (N.D. Cal. Feb. 23, 2011) (although "very few records were kept," awarding "necessarily approximated" damages for failure to pay wages). The Court will rely on certain charts provided by Plaintiffs in summarizing the wages due. *See* Decl. of Adam Pedersen , Exh. 1; Pls.' Mot. 10, 27.

Therefore, from the attached sworn declarations, each Plaintiff's unpaid hours worked were combined and multiplied by that Plaintiff's specific pay rate. Furthermore, additional amounts were awarded to specified Plaintiffs for wages that were earned prior to the period of September 2009 to November 2009, and were not subsequently paid. See Decl. of Adan Rivera, ¶ 9; Ariel Maya, ¶¶ 10-12. This leads to the following award:

| Name | Pay Rate | Total Unpaid Hours Worked | Total Wages Due |
|---|---|---|---|
| Adan Rivera | $20.00 | 205 | $4,100.00 + $1,608.00 (Unpaid amounts from July/Aug. 2009) |
| Ignacio Morales | $14.00 | 113.5 | $1,589.00 |
| Juan Mendez | $15.00 | 314 | $4,710.00 |
| Luis Mendez | $14.00 | 218 | $3,052.00 |
| Rafael Mendez | $14.00 | 248 | $3,472.00 |
| Manuel Chavez | $14.00 | 278 | $3,892.00 |
| Manuel Valladolid | $14.00 | 62 | $868.00 |
| Enedino Castro | $20.00 | 481.5 | $9,630.00 |
| Jose Bocanegra | $14.00 | 163.5 | $2,289.00 |
| Daniel Arzate | $10.00 | 107.5 | $1,075.00 |
| Marco Maya | $15.00 | 225 | $3,375.00 |
| Jose Mendoza | $20.00 | 376 | $7,520.00 |
| Ariel Maya | $15.00 | 15 | $225.00 + $944.05 (unpaid amount for Aug./Sept. 2009) |
| **TOTAL** | | | **$48,349.05** |

### 2. Failure to Pay Minimum Wage (Cal. Labor Code § 1194)

California Labor Code Section 1194 provides that "any employee receiving less than the legal minimum wage . . . is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage . . . including interest thereon, reasonable attorney's fees, and costs of suit." See Cal. Labor Code § 1194.[1]  Section 1194.2 entitles such employees to recover liquated

---

[1] Plaintiffs do not seek recovery of wages under Section 1194, but do argue that the alleged violation of Section 1194 forms the basis for its liquidated damages claim under Section 1194.2. See Pls.' Mot. at 13.

6
Case No.: 10-CV-01345-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT

damages "in the amount equal to the wages unlawfully unpaid and interest thereon." *See* Cal. Labor Code §1194.2.

On the record and briefing before the Court, Plaintiffs have not established that they are entitled to liquidated damages on top of the damages awarded under a breach of contract cause of action. The fact that Plaintiffs were not paid *any* wages for certain hours worked does technically constitute payment of a lesser amount than the required minimum wage; however, Plaintiffs have been awarded the wages that were earned under the breach of contract claim. Moreover, the earned wages are actually in excess of the current minimum wage of $6.75 per hour. *See* 8 C.C.R. §11000(2). Plaintiffs have not pointed to any authority supporting their entitlement to recover *both* liquidated damages and contractual damages for unpaid wages. *Compare Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 317-18 (2d Dist. 2005) (where plaintiffs abandoned their claim to recover for uncompensated time at their contractual hourly wage, and instead sought liquidated minimum wages under Section 1194.2, but did not seek or obtain both types of damages).

In these circumstances, therefore, Plaintiffs' claim for liquidated damages under California Labor Code Section 1194.2 is DENIED.

### 3. Failure to Pay Overtime (Cal. Labor Code § 1194)

California Labor Code Section 1194(a) states that "any employee receiving less than . . . the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." *See* Cal. Labor Code § 1194. "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek must be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." *See* Cal. Labor Code § 510(a).

Here, nearly every Plaintiff provides a declaration stating that he worked overtime two times per week on average. *See* Pls.' Decl. ¶¶ 12-16. Plaintiffs state that a normal work week constituted working eight hours a day from 7:00 a.m. to 3:30 p.m. for five days a week. *Id.* However, on about two days a week, Plaintiffs were required to work until about 5:00 or 6:00 p.m. *Id.* Moreover, Plaintiffs state that such overtime hours were not recorded. *Id.* In fact, Plaintiffs

7

Case No.: 10-CV-01345-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT

1  allege that they were instructed by Defendant not to write down these overtime hours, and on

2  limited occasions such hours were recorded, Defendant would "shave these hours off at the time of

3  payroll accounting." *See* Pls.' Mot. at 16; Decl. of Jose Mendoza, ¶¶ 17-18. Since Defendant kept

4  no records of overtime, the Court is left to draw reasonable inferences from Plaintiffs' evidence.

   The only evidence before the Court is sworn declarations by Plaintiffs stating that they worked one and a half to two and a half hours of overtime about two times a week. *See* Pls.' Decl. ¶¶ 12-16. However, as stated above, the Court will not penalize Plaintiffs for being imprecise or approximate in their evidence since this was solely caused by the Defendant's failure to adequately maintain records. *See Ulin*, 2011 U.S. Dist. LEXIS 17468, *38 (approximating overtime damages where very few records were kept). The burden is on the Defendant to bring forth record evidence, and since Defendant has failed to appear in this litigation, Plaintiffs' evidence stands unrefuted. The Court can reasonably infer that each Plaintiff worked at least three hours of overtime a week.

   To calculate overtime wages due, the Court first looks to the overtime compensation rate of each Plaintiff (1.5 times the standard pay rate) and multiplies that rate by the number of unpaid overtime hours. This leads to the following award:

| Name | Overtime Pay Rate | Unpaid Overtime Hours | Overtime Due |
|---|---|---|---|
| Adan Rivera | $30.00 | 18 | $540.00 |
| Ignacio Morales | $21.00 | 9 | $189.00 |
| Juan Mendez | $22.50 | 24 | $540.00 |
| Luis Mendez | $21.00 | 18 | $378.00 |
| Rafael Mendez | $21.00 | 21 | $441.00 |
| Manuel Chavez | $21.00 | 21 | $441.00 |
| Manuel Valladolid | $21.00 | 6 | $126.00 |
| Enedino Castro | $30.00 | 39 | $1,170.00 |
| Jose Bocanegra | $21.00 | 15 | $315.00 |
| Daniel Arzate | $15.00 | 9 | $135.00 |
| Marco Maya | $22.50 | 18 | $405.00 |
| Jose Mendoza | $30.00 | 30 | $900.00 |
| Ariel Maya | $22.50 | 3 | $67.50 |
| **TOTAL** | | | **$5,647.50** |

### 4. Willful Failure to Pay Overtime (Fair Labor Standards Act, 29 U.S.C. § 216(b))

Plaintiff seeks an award of liquidated damages under the Fair Labor Standards Act (FLSA) for Defendant's willful failure to pay overtime. Under FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, *and in an additional equal amount as liquidated damages*." 29 U.S.C. § 216(b) (emphasis added). Section 207 prohibits any employer from employing any of his employees for a workweek longer than forty hours unless such employee receives compensation for those hours at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1).

Section 216(b) clearly mandates that when overtime is not properly provided to employees, liquidated damages must be additionally awarded to such employees in the amount equal to the amount already owed. 29 U.S.C. § 216(b). Section 260, however, makes liquidated damages discretionary where the employer proves that the failure to pay overtime was both in good faith and based upon such reasonable grounds that it would be unfair to impose liquidated damages upon the employer. 29 U.S.C. § 260. "Under 29 U.S.C. § 260, the employer has the burden of establishing subjective and objective good faith in its violation of the FLSA." *See Local 246 Utility Workers Union of America v. Southern California Edison Co.*, 83 F.3d 292, 297-298 (9th Cir. 1996).

Here, Defendant has not participated in the litigation and has not provided any mitigating reasons for noncompliance. As indicated above, Plaintiffs have provided written declarations that adequately describe the amount of overtime worked. *See generally* Pls.' Decl. ¶¶ 12-16. Moreover, as the Court has already awarded unpaid overtime wages, Plaintiffs are also entitled to liquidated damages in the same amount. *See Seminiano v. Xyris Enter.*, 2011 U.S. Dist. LEXIS 4298, *10 (C.D. Cal. Jan. 18, 2011) (finding that plaintiffs were owed liquidated damages under FLSA in the amount equal to plaintiffs' unpaid overtime wages).

Therefore, the Court will award the same amount of liquidated damages under the FLSA as was awarded under California Labor Code Section 1194. This leads to the following award:

| Name | Overtime Pay Rate | Unpaid Overtime Hours | Overtime Due |
|---|---|---|---|
| Adan Rivera | $30.00 | 18 | $540.00 |
| Ignacio Morales | $21.00 | 9 | $189.00 |
| Juan Mendez | $22.50 | 24 | $540.00 |
| Luis Mendez | $21.00 | 18 | $378.00 |
| Rafael Mendez | $21.00 | 21 | $441.00 |
| Manuel Chavez | $21.00 | 21 | $441.00 |
| Manuel Valladolid | $21.00 | 6 | $126.00 |
| Enedino Castro | $30.00 | 39 | $1,170.00 |
| Jose Bocanegra | $21.00 | 15 | $315.00 |
| Daniel Arzate | $15.00 | 9 | $135.00 |
| Marco Maya | $22.50 | 18 | $405.00 |
| Jose Mendoza | $30.00 | 30 | $900.00 |
| Ariel Maya | $22.50 | 3 | $67.50 |
| **TOTAL** | | | **$5,647.50** |

### 5. Failure to Provide Meal Period Claims (Cal. Labor Code § 226.7)

California Labor Code Section 226.7 provides that "[n]o employer shall require any employee to work during any meal or rest period . . . ." Cal. Labor Code § 226.7(a). An employer is required to provide employees with a meal period of not less than 30 minutes if the employee is employed for more than five hours per day. Cal. Labor Code § 512. "If an employer fails to provide an employee a meal period or rest period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Labor Code § 226.7(b).

Here, nearly every Plaintiff provides a sworn declaration that states that they were denied an uninterrupted thirty minute meal break two times per week on average. *See* Pls.' Decl. ¶¶ 13-16. Defendant has not appeared, and thus has not refuted Plaintiffs' evidence. *See Ulin*, 2011 U.S. Dist. LEXIS 17468, *44-46 (despite no records being kept, awarding damages for failure to provide meal periods based on plaintiff's unrefuted testimony). Therefore, the Court will apply the standard pay rate of each Plaintiff and multiply it by the number of meal periods not provided. This leads to the following award:

| Name | Pay Rate | Meal Periods Not Provided | Mealtime Pay Due |
|---|---|---|---|
| Adan Rivera | $20.00 | 12 | $240.00 |
| Ignacio Morales | $14.00 | 6 | $84.00 |
| Juan Mendez | $15.00 | 16 | $240.00 |
| Luis Mendez | $14.00 | 12 | $168.00 |
| Rafael Mendez | $14.00 | 14 | $196.00 |
| Manuel Chavez | $14.00 | 14 | $196.00 |
| Manuel Valladolid | $14.00 | 4 | $56.00 |
| Enedino Castro | $20.00 | 26 | $520.00 |
| Jose Bocanegra | $14.00 | 10 | $140.00 |
| Daniel Arzate | $10.00 | 6 | $60.00 |
| Marco Maya | $15.00 | 12 | $180.00 |
| Jose Mendoza | $20.00 | 20 | $400.00 |
| Ariel Maya | $15.00 | 2 | $30.00 |
| **TOTAL** | | | **$2,510.00** |

### 6. Willful Failure to Pay Plaintiffs All Wages Due Upon Termination (Cal. Labor Code § 200(a))

California Labor Code Section 203 provides that "[i]f an employer willfully fails to pay, without abatement or reduction, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a). Upon discharge, the employees' earned and unpaid wages are due within 72 hours. Cal. Lab. Code § 201(a).

An employer effectuates a "discharge" not only when it fires an employee from ongoing employment, but also when it releases the employee upon completion of particular job assignment or time duration for which he or she was hired. *See Smith v. Superior Court*, 39 Cal. 4th 77, 92 (2006). Additionally, the meaning of "willful" under Section 203 "is that an employer has intentionally failed or refused to perform an act which was required to be done." *See Amaral*, 163 Cal. App. 4th at 1201. "The employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due." *Id.* Pursuant to 8 Cal. Code. Reg. § 13520: "A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer intentionally fails to pay wages to an employee when those

1   wages are due.  However, a good faith dispute that any wages are due will preclude imposition of

2   waiting time penalties under Section 203.  A 'good faith dispute' that any wages are due occurs

3   when an employer presents a defense, based in law or fact which, if successful, would preclude any

4   recovery on the part of the employee."

5   Here, according to the evidence provided, Plaintiffs were not paid certain earned wages at

6   all, let alone within 72 hours of discharge as required by California statute.  Defendant has not

7   provided any justification for noncompliance or raised a "good faith dispute" that wages are due to

8   Plaintiffs.  Thus, the Court must find in favor of Plaintiffs.  Because the statutory maximum of 30

9   days has clearly elapsed, the maximum amount afforded by Section 203 is appropriate.  *See*

10  *Seminiano*, 2011 U.S. Dist. LEXIS 4298, *10 (awarding damages for continuing wages pursuant to

11  Section 203).

12  Therefore, the Court will apply the pay rate of each Plaintiff for a standard work day and

13  multiply it by the statutory maximum of 30 days.  This leads to the following award:

| Name | Pay per 8-hour Day | 30 Day Statutory Maximum | Amount Due Under Cal. Labor Code § 203 |
|---|---|---|---|
| Adan Rivera | $160.00 | 30 | $4,800.00 |
| Ignacio Morales | $112.00 | 30 | $3,360.00 |
| Juan Mendez | $120.00 | 30 | $3,600.00 |
| Luis Mendez | $112.00 | 30 | $3,360.00 |
| Rafael Mendez | $112.00 | 30 | $3,360.00 |
| Manuel Chavez | $112.00 | 30 | $3,360.00 |
| Manuel Valladolid | $112.00 | 30 | $3,360.00 |
| Enedino Castro | $160.00 | 30 | $4,800.00 |
| Jose Bocanegra | $112.00 | 30 | $3,360.00 |
| Daniel Arzate | $80.00 | 30 | $2,400.00 |
| Marco Maya | $120.00 | 30 | $3,600.00 |
| Jose Mendoza | $160.00 | 30 | $4,800.00 |
| Ariel Maya | $120.00 | 30 | $3,600.00 |
| **TOTAL** | | | **$47,760.00** |

Case No.: 10-CV-01345-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT

### 7. Failure to Provide Wage Statements (Cal. Labor Code § 226(a))

California Labor Code § 226(a) mandates that an employer "furnish each of his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee. . . ." Cal. Lab. Code § 226(a). Under subsection (e) of the same provision: "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [section 226(a)] is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) . . . ." Cal. Lab. Code § 226(e).

Under Section 226(a), the employee suffers an "injury" when an employer fails to provide an employee with accurate, itemized wage statements. *See Kisliuk v. ADT Sec. Services, Inc.*, 263 F.R.D. 544, 548-49 (C.D. Cal. 2008) ("'actual injury may consist of impairment or diminution . . . of a right,' such as Plaintiff's right to receive an itemized pay statement."). Plaintiffs' unrefuted evidence sufficiently establishes injury for purposes of Section 226(a). The statute also requires a "knowing and intentional failure" to furnish the wage statements. Cal. Lab. Code § 226(e). Here, Defendant failed to provide any statements or pay stubs as required by law, failed to keep a complete record of hours worked and wage statements, and instructed employees not to keep or write down overtime hours. *See* Pls. Decl. ¶¶ 12-16. Courts in similar situations have found that such conduct constitutes a knowing and willful violation of Section 226. *See Perez v. Safety-Kleen Sys.*, 2007 U.S. Dist. LEXIS 48308, *24-25 (N.D. Cal. June 27, 2007) (defendant's failure to provide accurate wage statements is a knowing and intentional violation under Section 226, and is not excused by defendant's alleged ignorance of requirement to record wage statements); *see also Ulin v. Lovell's Antique Gallery*, 2010 U.S. Dist. LEXIS 99153, *55-56 (N.D. Cal. Sept. 22, 2010) (defendants' failure to provide any wage statements for a three-year period is by itself a knowing and willful violation of Section 226). Defendant, not having appeared, presents no argument or evidence to the contrary. The Court finds that Defendant's failure to keep and provide records of wage statements and instructions to employees not to keep their own records provide sufficient grounds to establish a knowing and willful violation.

The statute permits the employee to recover the greater of all the actual damages or the statutory damages. Cal. Lab. Code § 226(e). As actual damages stemming from the injury cannot be specifically ascertained, the Court will award statutory damages. The Court will apply the statutory rate of $50.00 for the first pay period, and $100.00 for each subsequent pay period. This leads to the following award:

| Name | Work Weeks without Wage Statements | Statutory Damages under Cal. Labor Code § 226(a) |
|---|---|---|
| Adan Rivera | 6 | $550.00 |
| Ignacio Morales | 3 | $250.00 |
| Juan Mendez | 8 | $750.00 |
| Luis Mendez | 6 | $550.00 |
| Rafael Mendez | 7 | $650.00 |
| Manuel Chavez | 7 | $650.00 |
| Manuel Valladolid | 2 | $150.00 |
| Enedino Castro | 13 | $1250.00 |
| Jose Bocanegra | 5 | $450.00 |
| Daniel Arzate | 3 | $250.00 |
| Marco Maya | 6 | $550.00 |
| Jose Mendoza | 10 | $950.00 |
| Ariel Maya | 1 | $50.00 |
| **TOTAL** | | **$7,050.00** |

# IV. CONCLUSION

As explained above, Plaintiffs' motion for entry of default judgment [dkt. #16] is GRANTED in part and DENIED in part.  Collectively, Plaintiffs are entitled to the following amounts:

| Unpaid Wages | California Overtime | FLSA Liquidated Damages | Mealtime Pay | Unpaid Wages upon Termination | Statutory Damages for Failure to Provide Wage Statements |
|---|---|---|---|---|---|
| $48,349.05 | $5,647.50 | $5,647.50 | $2,510.00 | $47,760.00 | $7,050.00 |

Overall, Plaintiffs are entitled to **$116,964.05 in damages.**  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 17, 2011

_____
LUCY H. KOH
United States District Judge