UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAN RIVERA, ET AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NEFTALI RIVERA, D/B/A NR ) <br> CONSTRUCTION, ) <br> ) <br> Defendant. ) | Case No.: 5:10-CV-01345-LHK <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS |

Currently before the Court is Plaintiffs' unopposed motion for attorney's fees and costs, ECF No. 36 ("Mot."), for an action brought under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 216(b); California Labor Code, sections 200, 226, 226.7, 1194; California Business and Professions Code, section 17200; and common law breach of contract. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for determination without oral argument. Therefore, the August 25, 2011 hearing is VACATED. Having considered the Plaintiffs' submissions and the relevant law, the Court GRANTS Plaintiffs' motion for the reasons discussed below.

**I.      Background**

The factual background in this case is summarized in the Court's May 31, 2011 order granting in part and denying in part Plaintiffs' motion for default judgment, and it is not repeated here. *See* ECF No. 35.

For the present motion, it is sufficient to note that on March 30, 2010, Plaintiffs, sixteen construction employees, brought Federal and California claims against their employer, Neftali Construction, for failure to pay wages and overtime compensation, and to provide lawfully required rest/meal periods and wage statements. *See* ECF No. 1, Compl. 1.

On May 17, 2011, after Defendant failed to appear in the litigation, the Court granted Plaintiffs' motion for default judgment in part and awarded damages with regard to their claims for unpaid wages under California's common law of contracts; unpaid overtime under California Labor Code section 1194; willful failure to pay overtime under the FLSA; failure to provide meal periods under California Labor Code section 226.7; willful failure to pay all wages due upon termination under California Labor Code section 200(a); and failure to provide wage statements under California Labor Code section 226(a). ECF No. 35, at 4-14. The Court awarded Plaintiffs the following: $48,349.05 in unpaid wages; $5,647.50 in overtime under California law; $5,647.50 in liquidated damages under the FLSA; $2,510.00 in mealtime pay; $47,760 in unpaid wages upon termination; and $7,050.00 in statutory damages for failure to provide wage statements, for a total award of $116,964.05. *Id.* at 15.

On May 31, 2011, Plaintiffs filed this motion, seeking $7,825.00 in attorney's fees. Mot. 11.

**II.   Analysis**

   A.  Legal Standard

Plaintiffs here are entitled to attorney's fees under the FLSA and California law. 29 U.S.C § 216(b) (2006); Cal. Lab. Code §§ 218.5, 1194 (West 2011). *See also Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983) ("The FLSA grants prevailing plaintiffs a reasonable attorney's fee."); *Drumm v. Morningstar, Inc.*, 695 F.Supp.2d 1014, 1018 (N.D. Cal. 2010) (noting that under California law, awarding attorney's fees is "mandatory" in unpaid wage claims).

Courts in the Ninth Circuit calculate an award of attorney's fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted).

A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the 'prevailing market rate of the relevant community.'" *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Camacho*, 523 F.3d at 980 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992)).

### B. Attorney's Fees

Plaintiffs here seek $7,825.00 in attorney's fees. Mot. 11. To support this amount, Plaintiffs provided a declaration by the attorney in this case, Adam Pedersen. Pedersen Decl., ECF No. 37. Mr. Pedersen summarizes the services he and his law firm rendered; the approximate hours worked in rendering those services, broken down by task; and the hourly rate billed by Mr. Pedersen and his legal assistant. Pedersen Decl. 1-4. The declaration claims that Plaintiffs incurred the following in legal fees:

| Individual | Rate | Hours | Total |
|---|---|---|---|
| Adam Pedersen | $230 per hour | 37.5 | $7,015[1] |
| Legal Assistant | $135 per hour | 6 | $810 |

---

[1] The Court notes that $230/hr * 37.5 hrs=$8,625. Nevertheless, Plaintiffs purport to seek $7,015 "based on the . . . total numbers of hours and rates." Mot. 11.

*Id.* at 5.  Thus, Plaintiffs claim that the lodestar amount in this case, i.e. "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate," *Camacho*, 523 F.3d at 978, is $7,825 ($7015+810).

*Reasonable Hourly Rate*.  Plaintiffs request that the Court calculate the lodestar using the Department of Justice's "Laffey Matrix."  Pedersen Decl. ¶ 21; Mot. 9 (citing *Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc.*, 731 F. Supp. 2d 937 (N.D. Cal. 2010)).  Accordingly, Plaintiffs seek an hourly rate of $230 for Mr. Pederson, an attorney with three or fewer years of experience, and an hourly rate of $135 for Mr. Pedersen's legal assistant.  Mot. 9.  Although Plaintiffs have made no upward adjustments to the Laffey Matrix to account for the cost of living in the San Francisco Bay Area, *cf. Theme Promotions*, 731 F. Supp. 2d at 948, the Court finds that these hourly rates are within the range of reasonable hourly rates for attorneys of comparable skill, experience, and reputation litigating similar cases in the San Francisco Bay Area.

*Hours Reasonably Expended*.  Plaintiffs claim that Mr. Pedersen expended 37.5 hours and that Mr. Pedersen's legal assistant expended 6 hours on this matter.  Mot. 6.

Plaintiffs claim that Mr. Pedersen spent 2 hours in the initial consultation; 5.5 hours in preparing the complaint; .5 hours in drafting the request for entry of default; .5 hours preparing for and attending the June 2010 CMC; 2 hours for drafting and filing two motions for the extension of time; 10 hours in fact-finding and analysis for the motion for default judgment; 4 hours preparing exhibits to the motion for default judgment; 6 hours preparing declarations attached to the motion for default judgment; 2 hours preparing exhibits to the declarations attached to the motion for default judgment; and 6 hours drafting the motion for default judgment.[2]  *See* Mot. 3-6; Pedersen Decl. 2-4.  In addition, Plaintiffs claim that Mr. Pedersen's assistant spent 6 hours in data entry related to damages calculations.  *See* Mot. 5; Pedersen Decl. 4.

After considering Plaintiffs' arguments and the evidence submitted in the Pedersen Declaration, the Court finds the hours claimed reasonable, with two exceptions.  First, the Court finds that two hours drafting two motions to extend time is not reasonably expended.  Mot. 4.  The Court notes that these two motions, both of which are only three pages, are nearly identical.

---

[2] According to the Court's calculations, these hours add up to 38.5.

4

Case No.: 5:10-CV-01345-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

*Compare* ECF No. 11 *with* ECF No. 13.  Plaintiffs do not specify how much time was spent on each motion.  Moreover, other courts have declined to award attorney's fees time spent on preparing motions to extend time.  *See Holmes v. Astrue*, 3:08-1829-CMC-JRM, 2010 WL 3220085, at *2-3 (D.S.C Aug. 12, 2010) (citing cases and reducing time credited for preparing motions to extend time by half).  Accordingly, the Court will not credit any time spent preparing and filing the two motions to extend time.

Second, the Court finds that "about 4 hours" spent "analyzing" and "arranging" data in order to create "an exhibit ultimately attached in support of the Plaintiffs' motion," Pedersen Decl. ¶ 16; "roughly 6 hours" spent "drafting the various formal declarations of the Plaintiffs, consulting with the 8 declarants on an individual basis, and having the documents translated to Spanish, finalized and signed for filing," *id.* at ¶ 17; and "approximately 2 additional hours" spent "organizing[ing], digitiz[ing], and prepar[ing] for filing" the documents to be attached to the declarations, are duplicative and inadequately documented.  The hours claimed by an attorney "may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary."  *See Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir.1986), *amended* 808 F.2d 1373 (9th Cir.1987).  As such, the Court will only credit 6 hours for these tasks.

Thus, the Court finds that 30.5 hours spent by Mr. Pedersen and 6 hours spent by Mr. Pedersen's assistant were reasonably expended on this litigation.

*Lodestar.*  The Court's lodestar calculation is as follows:

| Individual | Rate | Hours | Total |
| --- | --- | --- | --- |
| Adam Pedersen | $230 per hour | 30.5 | $7,015 |
| Legal Assistant | $135 per hour | 6 | $810 |

The total lodestar is therefore $7,825 ($7015+$810).  Although the Court has reduced the number of hours reasonably expended, the total lodestar happens to be the amount that Plaintiffs request in their motion.

*Across the Board Percentage Reduction of Lodestar.* Because Defendant has not opposed this motion, the Court need not consider any factors to reduce the lodestar. Moreover, such a reduction is not warranted in the instant case.

### III.     Conclusion

For the foregoing reasons, the Court GRANTS Plaintiffs' motion. The Court awards Plaintiffs $7,825 in attorney's fees.

**IT IS SO ORDERED.**

Dated: August 22, 2011



LUCY H. KOH
United States District Judge